# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1373
LT Case No. 2022-DP-000067

_____

L.C., Father of J.C.C.O., a child,

    Appellant,

    v.

E.O., Mother of J.C.C.O., a child,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
Angela Cox, Judge.

Michael Tupper, of Tupper Law, P.A., Jacksonville, for Appellant.

Dayna Maeder, of Shannin Law Firm, P.A., Orlando, for Appellee.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Amanda Victoria Glass, Senior Attorney, Tallahassee, for Statewide Guardian ad Litem Office.

Sarah J. Rumph, Tallahassee, for Children's Legal Services.

October 31, 2023

PER CURIAM.

AFFIRMED. *See C.D. v. Fla. Dep't of Child. & Fams.*, 164 So. 3d 40, 42 (Fla. 1st DCA 2015) (holding that "[i]n termination of

parental rights (TPR) cases, the standard of review is highly deferential" and that "[w]here the trial court's findings that the evidence is clear and convincing are supported by competent substantial evidence, and the appellate court cannot say that no one could reasonably find such evidence to be clear and convincing, the finding will not be set aside on appellate review" (citation omitted)), *disapproved on other grounds by S.M. v. Fla. Dep't of Child. & Fams.*, 202 So. 3d 769, 772–73 (Fla. 2016); *V.S. v. Dep't of Child. & Fams.*, 322 So. 3d 1153, 1160 (Fla. 4th DCA 2021) ("It was the trial court's role to decide the credibility of the mother's testimony and the reliability of the [witness's] opinion." (citing *Durousseau v. State*, 55 So. 3d 543, 560 (Fla. 2010))); *Fitzpatrick v. State*, 900 So. 2d 495, 508 (Fla. 2005) ("It is not this Court's function to retry a case or reweigh conflicting evidence submitted to the trier of fact." (citing *Morrison v. State*, 818 So. 2d 432, 451 (Fla. 2002))), *abrogated in part on other grounds by Alahad v. State*, 362 So. 3d 190, 198 (Fla. 2023); *In Int. of X.W.*, 255 So. 3d 882, 890 (Fla. 2d DCA 2018) (recognizing that "a case plan with a goal of reunification is not required where, under section 39.806(1)(m)[, Florida Statutes], a child has been conceived as the result of an unlawful sexual battery" (citing *D.A.D. v. Dep't of Child. & Fam. Servs.*, 903 So. 2d 1034, 1040 (Fla. 2d DCA 2005))); § 39.806(1)(m), Fla. Stat. (2022) ("It is presumed that termination of parental rights is in the best interest of the child if the child was conceived as a result of the unlawful sexual battery.").

WALLIS, LAMBERT, and SOUD, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––

2